**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez**

Criminal Action No.  13-cr-0306-WJM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

**1.  BRIAN MURRAY**,

    Defendant.

---

**ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL**

---

Defendant Brian Murray is charged in a one-count Indictment with Threatening a Federal Law Enforcement Officer.  (ECF No. 1.)  On August 29, 2013, Defendant filed an Unopposed Motion for Competency Determination ("Motion") asking for the Court to authorize a psychiatric evaluation of the Defendant and, thereafter, to set a hearing to determine Defendant's competency to proceed.  (ECF Nos. 12 and 15.)  The Court granted the Motion and ordered that a psychiatric or psychological evaluation of the Defendant be conducted.  (ECF No. 16.)

On November 26, 2013, the Court received the Forensic Evaluation prepared by Dr. Richart L. DeMier, Ph.D.  (ECF No. 20.)  Dr. DeMier found that Defendant was not currently suffering from symptoms of a major mental disorder that would impair his ability to under the nature and the consequences of the proceedings against him or render him unable to assist his counsel is preparing his defense.  (*Id.*)  Upon receipt of the Forensic Evaluation, the Court ordered the parties to notify it by December 13, 2013

if either party felt that a competency hearing in accordance with 18 U.S.C. § 4241(c) and 4247(d) was necessary.  (ECF No. 21.)  After being granted an extension of time, Defendant's counsel responded to the Order with a Motion Requesting to Set an Arraignment Date, stating that the "Defendant, at this time, does not object to the findings of [Dr. DeMier's] Report".  (ECF No. 24.)  The Government did not file a response to the Court's Order.

The Constitution forbids the trial of a defendant who lacks mental competency. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008).  The Court must commit a defendant for treatment if it finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to under the nature and the consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).  Having reviewed the only evidence in this case, the Forensic Evaluation, the Court finds that there is no evidence showing that Defendant is presently suffering from a mental disease that renders him incompetent to stand trial.  The Court also notes that Defendant does not contest the findings and conclusions of the Forensic Evaluation.  (ECF No. 24.)  Accordingly, the Court finds that Defendant Brian Murray is competent to proceed with this case.

Dated this 24th day of January, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge